**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Richardson, | No. CV-21-00594-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Wright Medical Technology Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Wright Medical Technology's Partial Motion to Dismiss and Motion to Strike Plaintiff's Complaint. (Doc. 13.) Plaintiff Robert Richardson filed a Response, (Doc. 16), and Defendant filed a Reply, (Doc. 17). Neither party requested oral argument. The Court has considered the pleadings and applicable law and now issues this Order granting in part and deny in part Defendant's Motion to Dismiss and denying Defendant's Motion to Strike.

**I.   BACKGROUND**

Plaintiff filed his Complaint alleging damages stemming from a failed Wright Medical Conserve Total Hip System (the "Device") hip implant. (Doc. 1 ¶ 1.) The Complaint alleges that for many years, Defendant has known that its Device "was prone to fretting and corrosion and had a propensity to fail within a few years of implantation" despite the fact that hip implant devices typically last up to twenty years or more. (*Id.* ¶ 2.)

Plaintiff alleges that on December 10, 2007, he had a Device implanted in his right

hip in a procedure known as a total hip arthroplasty. (*Id.* ¶ 140.) On April 8, 2019, Plaintiff received revision surgery after he reported pain and symptoms consistent with metallosis. (*Id.* ¶ 151.) Plaintiff alleges that his revision surgery was necessary because the Device failed due to adverse tissue reaction to the metal debris, corrosion, and resultant metal ions. (*Id.* ¶ 152.) He further alleges that the Device failed due to metal the metal-on-metal design between the articulating surfaces, causing continuing and irreversible physical injury to Plaintiff. (*Id.* ¶ 155.)

The Complaint contains eight claims for relief: Negligent Design and Failure to Warn or Instruct (Count 1); Strict Products Liability—Defective Design (Count 2); Strict Products Liability—Manufacturing Defect (Count 3); Strict Products Liability—Failure to Warn (Count 4); Negligent Misrepresentation (Count 5); Fraud by Concealment (Count 6); Fraudulent Misrepresentation (Count 7); and punitive damages (Count 8). (*Id.* ¶¶ 204–288.)

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### III.  DISCUSSION

#### A.  Motion to Dismiss

##### 1.  Negligent Misrepresentation

Defendant argues that Plaintiff's negligent misrepresentation claim must be dismissed for two reasons: (1) the claim fails to meet Rule 9(b)'s heightened pleading standard and (2) Plaintiff has failed to plead justifiable reliance under Arizona law. (Doc. 14 at 4.)

To bring a negligent misrepresentation claim, a plaintiff must allege that (1) the defendant provided false information in a business transaction; (2) the defendant intended for the plaintiff to rely on the incorrect information or knew that it reasonably would rely; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; (4) the plaintiff justifiably relied on the incorrect information; and (5) damage resulted. *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 412 n. 7 (Ariz. Ct. App. 2014). "A claim for negligent misrepresentation must meet the particularity requirements of Rule 9(b)." *Howard v. JPMorgan Chase Bank, N.A.*, No. CV12-0952-PHX-DGC, 2012 WL 6589330, at *2 (D. Ariz. Dec. 17, 2012); *Patricia Bugher Fam. P'ship LLLP v. Transamerica Life Ins. Co.*, No. CV-18-04629-PHX-GMS, 2019 WL

2744843, at *2 (D. Ariz. July 1, 2019).  Under Rule 9(b), a complaint must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.  *Howard*, 2012 WL 6589330, at *2; *Murrell v. Wyeth, Inc.*, No. CV-13-0290-PHX-DGC, 2013 WL 1882193, at *7 (D. Ariz. May 3, 2013) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  Of course, the Rule 9(b) standard does not require "absolute particularity" or a recital of evidence.  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

Defendant contends that Plaintiff has failed to plead the specific content of the misrepresentations; the identity of the employee from Wright Medical who made the misrepresentations; and when, where, and through what methods the misrepresentations were made.  (Doc. 14 at 5.)  Plaintiff contends that he has pled sufficient details to satisfy the Rule 9(b) requirement.  (Doc. 16 at 5.)

Plaintiff points out that his negligent misrepresentation claim is based primarily on two paragraphs in his Complaint.  (Doc. 1 ¶¶ 110, 267.)  Paragraph 110 states, "Wright also told Dr. Spencer Schuenman, an orthopedic surgeon in Prescott Valley, Arizona, that the cobalt chromium cup should last longer than a traditional Metal/Poly liner, and that there were no known issues associated with cobalt and chromium ions." (*Id.* ¶ 110 (citation omitted).)  Paragraph 267 states, "Wright negligently misrepresented to the medical community, implanting orthopedic surgeon Dr. Schuenman, Plaintiff, and the public that the [Device] presented no risk or a low risk of unreasonable and dangerous adverse side effects." (*Id.* ¶ 267.)

Plaintiff's Complaint comes up short of what is required to plead a negligent misrepresentation claim with particularity.  It fails to allege the time, place, method of transmission, and identity of the person(s) from Wright Medical who allegedly made the misrepresentations.  There is no indication of whether the misrepresentation relied upon by Dr. Schuenman was from corporate, a salesperson, or someone else.  There is also no information on when Dr. Schuenman received the information.  Thus, the Complaint has

failed to meet the particularity requirements of Rule 9(b). Accordingly, the Court will dismiss Plaintiff's negligent misrepresentation claim because Plaintiff has failed to plead the claim with particularity.

Defendants also argue that Plaintiff failed to plead reliance on the misrepresentation. (Doc. 14 at 5.) Reliance is an element of a negligent misrepresentation claim in Arizona. *See KB Home Tucson, Inc.*, 340 P.3d at 412. However, Plaintiff has adequately alleged reliance. Paragraph 111 of the Complaint alleges that, based on Dr. Schuenman's information from Wright, Plaintiff elected to proceed with the hip implant. (Doc. 1 ¶ 111.)

### 2. Fraud by Concealment and Fraudulent Misrepresentation

Defendant also argues that Plaintiff's fraud by concealment and fraudulent misrepresentation claims must be dismissed due to Plaintiff's failure to satisfy Rule 9(b)'s particularity standard. (Doc. 14 at 7.)

The tort of fraud by concealment requires one party to a transaction to conceal or intentionally take action that prevents another from acquiring material information. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 34 (Ariz. 2002). To plead a claim for fraudulent misrepresentation, a plaintiff must allege facts showing:

> (1) a representation (or omission); (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; and (9) his consequent and proximate injury.

*Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d 977, 996 (D. Ariz. 2013). Under Arizona law, claims based on fraud must be pled with particularity pursuant to Rule 9(b). *See HM Hotel Properties v. Peerless Indem. Ins. Co.*, 874 F. Supp. 2d 850, 854–55 (D. Ariz. 2012). Thus, plaintiffs must allege the "who, what, when, where and how of the alleged misconduct." *Id.* (quoting *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003)) (internal quotation marks omitted).

As with Plaintiff's negligent misrepresentation claim, Plaintiff's Complaint fails to plead his fraudulent concealment and fraudulent misrepresentation claims with particularity. Specifically, the Complaint fails to specify who, from Wright Medical, made the misrepresentations, as well as when, how, and where the misrepresentations were made. (*See* Doc. 1 ¶¶ 110, 267.) Accordingly, Plaintiff's fraudulent concealment and fraudulent misrepresentation claims must be dismissed.

### 3. Strict Liability Manufacturing Defect

Defendant next argues that Plaintiff's strict liability manufacturing defect claim must be dismissed because Plaintiff has not alleged that the product deviated from the manufacturer's specifications. (Doc. 14 at 9.) Specifically, Defendants argue that the Complaint does not contain allegations that the components at issue failed to conform to Wright Medical's intended result or otherwise differed from units of the same product line. (Doc. 14 at 10.) Plaintiff failed to respond to Defendant's argument on this claim.

To establish a prima facie case of products liability, a plaintiff must demonstrate "the product is in a defective condition and unreasonably dangerous, the defective condition [existed] at the time the product left the defendant's control, and the defective condition is the proximate cause of the plaintiff's injury." *D'Agnese v. Novartis Pharms. Corp.*, 952 F. Supp. 2d 880, 889 (D. Ariz. 2013) (alterations original). A plaintiff may allege three types of product liability theories: (1) design defects, (2) manufacturing defects, and (3) informational defects encompassing instructions and warnings. *Id.* "A defectively manufactured product is one that is flawed as a result of something that went wrong during the manufacturing process." *Harrison v. Howmedica Osteonics Corp.*, No. CIV 06-0745 PHX RCB, 2008 WL 906585, at *20 (D. Ariz. Mar. 31, 2008) (internal quotation marks omitted). A plaintiff pursuing such a claim must "identify/explain how the product deviated from the manufacturer's intended result or how the product deviated from other seemingly identical models." *Hix v. Bos. Sci. Corp.*, No. CV-19-00422-PHX-DJH, 2019 WL 6003456, at *3 (D. Ariz. Nov. 14, 2015).

Under the manufacturing defect section of his Complaint, Plaintiff alleges that the

Device "was supplied in a defective condition in its manufacture, such that it would generate metal debris, fretting and corrosion at the head cup interface, rendering it unreasonably dangerous." (Doc. 1 ¶ 239.) Plaintiff alleges that his damage was proximately caused by the defect. (*Id.* ¶ 240.) Plaintiff's allegations lack any specificity about how the Device was manufactured in a way that deviated from the manufacturer's intended result or other identical models. Thus, Plaintiff's strict liability manufacturing defect claim must be dismissed.

### 4. Negligent Design and Failure to Warn or Instruct (Count 1) and Strict Product Liability: Defective Design (Count 2)

Defendants next argue that Plaintiff's claim for Negligent Design and Failure to Warn or Instruct and his claim for Strict Product Liability should be dismissed because the Complaint fails to properly allege that the product was unreasonably dangerous under Arizona law. (Doc. 14 at 11.) Plaintiff contends that the Complaint adequately alleges a defective design claim. (Doc. 16 at 7.)

To establish a prima facie case of products liability, "the plaintiff must show that the product is in a defective condition and unreasonably dangerous, the defective condition at the time the product left the defendant's control, and the defective condition is the proximate cause of plaintiff's injury." *Gebhardt v. Mentor Corp.*, 191 F.R.D. 180, 184 (D. Ariz. 1999). "Arizona courts have adopted two alternate tests to establish the existence of an unreasonably dangerous design defect: (1) the consumer expectation test, and (2) the risk/benefit analysis." *Spedale v. Constellation Pharms. Inc.*, No. CV-17-00109-PHX-JJT, 2019 WL 3858901, at *16 (D. Ariz. Aug. 16, 2019). "The risk/benefit analysis applies where an ordinary consumer lacks experience with the product, and thus lacks a reasonable expectation as to its 'safe' performance." *Id.* "Courts in this District apply the Restatement (Third) of Torts to medical device design defect claims."[1] *Placencia v. I-Flow Corp.*, No.

---

[1] In *Welch v. Wright Medical Technology, Inc.*, a court in this District noted, "Arizona courts have not formally adopted this test for prescription drugs and medical devices, but it has been followed by other judges of this district." No. CV-11-2113-PHX-DGC, 2012 WL 4711899, at *2 (D. Ariz. Oct. 3, 2012).

CV10-2520 PHX DGC, 2012 WL 5877624, at *3 (D. Ariz. Nov. 20, 2012) (citing *Staub v. Breg, Inc.*, No. CV 10-02038-PHX-FJM, 2012 WL 1078335, at *4 (D. Ariz. 2012)). "According to the Restatement, a medical device is defective if medical providers, knowing of its benefits and risks, would not prescribe the device 'for *any* class of patients.'" *Id.* (citing Restatement (Third) of Torts: Products Liability § 6(c) (1998)) (emphasis original). If a plaintiff fails to plead a plausible strict liability products liability claim, their negligent product liability clam must also fail. *Mills v. Bristol-Myers Squibb Co.*, No. CV 11-00968-PHX-FJM, 2011 WL 4708850, at *4 (D. Ariz. Oct. 7, 2011).

Defendant argues that because Plaintiff alleges that the Device was cleared by the FDA, the product is necessarily useful for some patients, and medical providers would prescribe the product for some patients. (Doc. 14 at 12–13) (citing *Staub*, 2012 WL 1078335, at *4). Plaintiff responds that *Staub* is not dispositive because, here, the Device was cleared using the 510(k) process rather than the typical FDA approval process. (Doc. 16 at 8.) The 510(k) process focuses on equivalence, not safety. *In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00893-PHX-DGC, 2018 WL 3586404, at *6 (D. Ariz. July 26, 2018) (interpreting Wisconsin law).

Plaintiff's Complaint alleges that certain components of the device were approved by the FDA through the 510(k) process. (Doc. 1 ¶¶ 15–19, 45–54.) As the 510(k) process focuses on equivalence rather than safety, these allegations are supportive of Plaintiff's design defect claims. Plaintiff also alleges that the "Thin Shell" component of the device had a revision rate of 33%. (*Id.* ¶ 44.) It also alleges that the Device contained an unreasonably dangerous design defect, including "an inherently unstable and defective design, to include the use of cobalt and chromium metal alloys (i.e. a CoCr modular Head and CoCr acetabular cup) as the articulating surface, which resulted in an unreasonably high probability of early failure." (*Id.* ¶ 228(c).) It continues, "the Device has an unreasonably high propensity for metal debris and fretting corrosion under normal and expected use of the Device." (*Id.* ¶ 228(f).) After reviewing the allegations, there are facts to support that the product was dangerous enough that no reasonably healthcare providers,

knowing the risk and benefits of the Device, would prescribe the medical device for any class of patients, especially in light of the safer alternatives mentioned in the Complaint. Plaintiff alleges that this defect was present when it left the Defendant's control, (*Id.* ¶ 228), and that the Device's defective design resulted in a hip prosthesis (Plaintiff's injury), (*Id.* ¶¶ 167, 228(d).) Thus, Plaintiff has pled all the necessary elements of a design defect claim. Accordingly, his negligent design and failure to warn[2] and instruct and defective design claims will be allowed to proceed.

### B. Motion to Strike

Defendant argues that Plaintiff's request for prejudgment interest and attorney's fees are not supported by Arizona law and must be stricken from the Complaint. (Doc. 14 at 12–13.)

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions are general viewed unfavorably "because they are often used to delay and because of the limited importance of the pleadings in federal practice." *Bilyeu v. Morgan Stanley Long-Term Disability Plan*, No. CV-08-02071-PHX-SRB, 2013 WL 12365543, at *1 (D. Ariz. Sept. 18, 2013) (citation and internal quotation marks omitted).

Defendant argues that Plaintiff's prayer for prejudgment interest must be stricken because Plaintiff's claims are not for liquidated or contractual damages. (Doc. 14 at 12.) Plaintiff counters that the Court should not strike his demand for prejudgment interest because he seeks liquidated damages in the form of medical expenses. (Doc. 16 at 9.) The Court will deny Defendant's Motion to Strike. Motions to strike are disfavored in federal

---

[2] Defendant only argues that Plaintiff's negligent design claim fails because Plaintiff has not adequately alleged a design defect claim. (Doc. 14 at 12.) Because the Court has now found that Plaintiff has adequately alleged a design defect claim, his negligent design claim will be allowed to go forth.

- 9 -

court and should only be used to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A request in a complaint for prejudgment interest and attorney's fees is not covered by those categories. Whether Arizona law permits Plaintiff to collect prejudgment interest and attorney's fees is irrelevant to Defendant's Motion to Dismiss, and the Court will address these matters at the appropriate time. Therefore, Defendants' Motion to Strike is denied.

### C. Leave to Amend

Because it is not "absolutely clear" that Plaintiff cannot cure his Complaint's deficiencies by amendment, the Court will give him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Local Rule 7.1.

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. He must clearly designate on the face of her amended complaint that it is the "First Amended Complaint." If he decides to file an amended complaint, he is reminded that it supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting in part and denying in part Defendant's Motion to Dismiss as outlined above. (Doc. 13.)

**IT IS FURTHER ORDERED** denying Defendant's Motion to Strike. (Doc. 13.)

///

///

///

///

**IT IS FURTHER ORDERED** granting Plaintiff leave to file an amended complaint within 30 days of the date this Order is submitted.

Dated this 17th day of December, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge